UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VITALIY KRAVCHENKO,

Plaintiff,

v. Case No.:

TOWN OF REDINGTON BEACH, FLORIDA,

Defendant.
__________________________________/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff, VITALIY KRAVCHENKO ("Plaintiff"), sues Defendant, TOWN OF REDINGTON BEACH, FLORIDA ("Town"), and alleges as follows:

**PARTIES JURSIDICTION AND VENUE**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of its rights under the Fourth and Fourteenth Amendments of the United States Constitution and for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Plaintiff is an individual who owns property and resides within the within jurisdictional border of the Town of Redington Beach, Florida.

4. Defendant, TOWN OF REDINGTON BEACH, FLORIDA ("Town"), is a municipality organized under the laws of Florida and located in Pinellas County.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the TOWN OF REDINGTON BEACH, FLORIDA is a municipality located within the District.

**BACKGROUND FACTS**

6. Plaintiff is an individual acting to spread awareness of his views regarding religious, political, and social topics.

7. Among Plaintiff's purposes is the belief in a mandate to exercise his right to freedom of speech, criticize government officials, and further his religious, political, and social beliefs.

8. The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the Town ("Public Spaces") are traditional public fora.

9. Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

10. Plaintiff utilizes various forms of signs to communicate his messages in the Public Spaces, including portable signs as well as signs attached to his vehicle.

11. Additionally, Plaintiff communicates his messages by way of parking his vehicle on his property such that the signs attached to his vehicle are visible to passersby.

TOWN'S SIGN CODE

12. Chapter 17 of the Code of Redington Beach governs the display of signs within the Town. A copy of Chapter 17 of the Code is attached as Exhibit "A."

13. On March 2, 2022, The Town adopted Ordinance No. 2022-01 amended its sign code as follows:

> Section 1. The definition of Vehicle Sign in § 17-1 of the Redington Beach Town Code is hereby amended to read as follows:
>
> Section 17-1 – Definitions.
>
> Vehicle sign means a sign which covers more than one and one half square feet of the vehicle which identifies a business, products, or services, and which is attached to, mounted, pasted, painted, or drawn on a motorized or drawn vehicle, and is parked and visible from the public right of way.
>
> Section 2. Section 17-4(32) of the Redington Beach Town Code is hereby amended to read as follows:
>
> Sec. 17-4 – Prohibited signs.
>
> (32) Vehicle signs visible from a street or right-of-way between sundown and sunrise.

A copy of Ordinance 2022-01 is attached as Exhibit "B."

14. On June 15, 2022, The Town adopted Ordinance No. 2022-10 amending its sign code as follows:

> Section 1. The definition of Vehicle Sign in § 17-1 of the Redington Beach Town Code is hereby amended to read as follows:
>
> Section 17-1 – Definitions.
>
> Vehicle sign means a sign which covers more than one and one half square feet of the vehicle, and which is attached to, mounted, pasted, painted, or drawn on a motorized or drawn vehicle, and is parked and visible from the public right of way.

A copy of Ordinance 2022-10 is attached as Exhibit "C."

15. In relevant part, Chapter 17 of the Redington Beach Town Code as amended by Ordinance No. 2022-01 and Ordinance No. 2022-10 (collectively the Town's "Sign Code") prohibits the display of the following:

> Sec. 17-4. – Prohibited signs.
> Unless otherwise authorized by this chapter, the following sign types are prohibited within the town:
>
> (22) Portable signs
>
> * * *
>
> (32) Vehicle signs visible from a street or right-of-way between sundown and sunrise.

<u>TOWN'S CODE ENFORCMENT ACTIVITY AGAINST PLAINTIFF</u>

16. Plaintiff purchased his current home in or about March of 2022 and commenced renovations soon thereafter.

17. Plaintiff owns a Ford F-250 pickup truck ("Ford F-250") which displays various political messages intended to communicate Plaintiff's views

while driving. Specifically, the truck references a social media platform by the name of "Voice Ban" along with the voiceban.com website address and the message "Thee Social Media Platform for Freedom of Speech!" Also displayed on the truck are numerous U.S. Flags and bumper stickers referencing Plaintiff's views on Trump and President Biden. A photograph of Plaintiff's pickup truck is attached as Exhibit "D."

18. Plaintiff also parks his Ford F-250 in his driveway so that is visible to others in the neighborhood for the purpose of communicating his views.

19. In addition to his Ford F-250, Plaintiff also owns a white F-Series truck with attached storage box affixed to the back in place of a bed ("F-Series Truck"). While renovation work was being performed on his property, Plaintiff parked his F-Series Truck in his driveway. On or about May 17, 2022, Plaintiff received a written warning that the F-Series Truck was parked in violation of the Town's prohibition against parking commercial vehicles in residential areas. Plaintiff subsequently placed a banner on the side of the truck reading, "Jesus is my Vaccine." A photograph of the banner is attached as Exhibit "E."

20. On May 20, 2022, Plaintiff received a written warning notifying him that his Ford F-250 was parked in his driveway in violation of the Town's Sign Code's prohibition against the display of vehicle signs.

21. On May 20, 2022, the Town Code defined a vehicle sign as:

> Vehicle sign means a sign which covers more than one and one half square feet of the vehicle which identifies a business, products, or services, and which is attached to, mounted, pasted, painted, or drawn on a motorized or drawn vehicle, and is parked and visible from the public right of way.

22. That same day on May 20, 2022, the Mayor of the Town of Redington Beach texted an image of Plaintiff's Ford F-250 to the Town attorney requesting his opinion. A copy of the Mayor's May 20, 2022, text message to the Town attorney is attached as Exhibit "F."

23. Upon information and belief, the Town attorney and the Mayor then had a discussion regarding Plaintiff's Ford F-250, and the signs contained thereon, during which the Mayor instructed the Town attorney to revise the definition of vehicle sign to allow for Plaintiff to be cited under the Town's Sign Code.

24. The following day, the Town attorney sent an email to the Town Clerk, with a copy to the Mayor, attaching revisions to the Town's sign code with respect to vehicle signs, stating:

> Ms. Clarke,
>
> Per discussion with Mayor Will, I have drafted the attached ordinance to better reflect the Town's intent with respect to vehicle signs. Unless the Mayor has any other adjustments to request in the ordinance, the title is ready for advertisement for the next available Commission meeting.

25. Specifically, the revised ordinance attached to the Town attorney's email revised the definition of vehicle sign to remove the language limiting the definition to signs that "identify a business, products, or services."

26. On or about May 22, 2022, Plaintiff was instructed code enforcement to remove the "Jesus is my Vaccine" banner from his F-Series Truck.

27. When Plaintiff refused to remove the banner, he received a $250 citation for parking his F-Series Truck in his driveway in violation of Town code's prohibition against parking commercial vehicles in residential areas.

28. That same day, same day on May 22, 2022, the Mayor of the Town of Redington Beach texted an image of Plaintiff's Ford F-Series Truck and attached banner to the Town attorney stating, "Deputy cited this for being a commercial vehicle and picture number 2 is the person's response to the citation." A copy of the Mayor's May 22, 2022, text message to the Town attorney is attached as Exhibit "G."

29. On May 30, 2022, the Town's code enforcement deputy closed its investigation into the signage on Plaintiff's Ford F-250 due to unclear language in the code. However, again on same day, May 30, 2022, Plaintiff received a $500 citation for parking his F-Series Truck in his driveway in violation of Town code's prohibition against parking commercial vehicles in residential areas.

30. Both citations regarding Plaintiff's his F-Series Truck were later dismissed in the county court on June 9, 2022, because the F-Series Truck was not a commercial vehicle.

31. On June 2, 2022, the Town clerk asked the Town's building official to review the fences and hedges on Plaintiff's property for compliance with Town codes.

32. In response, the Town's building official Bruce Cooper wrote:

> Good afternoon,
> He has a fence permit and he has one more gate to install and then he will call for an inspection. He did state that [sic] planted areca palms about 3 to 4 feet apart. I have them around my deck and in time, they will become a hedge. I will let Tony know my results.

A copy of Bruce Cooper's June 2, 2022, email response is attached as Exhibit "H."

33. On June 15, 2022, the Town adopted Ordinance No. 2022-10 amending the definition of vehicle sign as set forth above.

34. Thereafter, on or about July 31 and then again on or about August 17, 2022, the Town's code enforcement deputy responded to Plaintiff's residence to investigate whether Plaintiff was in violation of the Town's Sign Code for parking his Ford F-250 with vehicle signs in his driveway.

35. On September 5, 2022, Plaintiff received a $250 citation for violating town code with respect to Town Code 6-284 which regulates the height and placement of fences, walls, and hedges within rear yards. On September 6, 2022,

Plaintiff received a $250 citation for violating the Town's Sign Code for displaying vehicle signs on his Ford F-250 while parked in his driveway. Copies of the citations issued on September 5 and 6, 2022 are attached hereto as Composite Exhibit "I."

**COUNT I VIOLATION OF FIRST AMENDMENT**
(Facial Challenge – portable sign prohibition)

36. Plaintiff re-alleges paragraphs 1-35 as set forth above.

37. Redington Beach Town Code section 17-4(32) bans all vehicle signs visible from a street or right of way between sundown and sunrise.

38. Redington Beach Town Code section 17-1 defines portable signs as:

> Portable sign means any sign, banner, or poster that is not permanently attached to the ground or to a structure that is attached to the ground or a sign capable of being transported, including, but not limited to, signs designed to be transported by means of wheels or carried by a person, and signs converted to an A-Frame sign or a T-frame sign. For purposes of this chapter, a cold air inflatable sign shall be considered to be a portable sign.

39. The Town's Sign Code as written bans all forms of portable signs capable of being carried by a person to express political, social, or religious messages, including classic means of political, social, and religious expression such as posters, banners and hand-held signs from being carried in traditional public fora.

40. The Town's Sign Code as written bans all use of Plaintiff's political, social, and religious speech in traditional public for a that is expressed through portable signs.

41. The Town's Sign Code does not allow for an exemption for the use of portable signs to convey political, social, and religious speech in traditional public.

42. The Town's Sign Code as written unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a. allows for the exercise of unbridled discretion; and,

b. lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c. bars the free speech and free exercise of religion of Plaintiff and other citizens in a traditional public forum.

43. The Town's categorical ban on all portable signs as written is unconstitutionally overbroad and is not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in free speech and free exercise of religion activities otherwise protected by the First Amendment.

44. As a result of the Town's categorical ban on all portable signs, Plaintiff has been, and continues to be, deprived of his right to engage in freedom of speech and free exercise of religion activities.

WHEREFORE Plaintiff demands judgment against Defendant for a Declaration that the Town's categorical ban on all portable signs violates the First Amendment to the U.S. Constitution, injunctive relief prohibiting Defendant from enforcing its categorical ban on all portable signs, an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988 and all other relief that is just and proper.

**COUNT II VIOLATION OF FIRST AMENDMENT**
(Facial and As-Applied Challenge – vehicle signs prohibition)

45. Plaintiff re-alleges paragraphs 1-35 as set forth above.

46. Redington Beach Town Code section 17-4(22) bans all portable signs from being displayed within the Town.

47. Redington Beach Town Code section 17-1 defines vehicle signs as:

> Vehicle sign means a sign which covers more than one and one half square feet of the vehicle, and which is attached to, mounted, pasted, painted, or drawn on a motorized or drawn vehicle, and is parked and visible from the public right of way.

48. Further, this definition of vehicle sign was revised by the Town attorney at the direction of Mayor for the specific purpose of allowing Plaintiff to be cited under the Sign Code.

49. The Town's Sign Code as written and as applied is unconstitutionally vague in that the definition of vehicle sign does not provide guidance as to whether the one and one half square foot size limitation applies to a single sign, or whether it applies to in the aggregate to multiple signs on a vehicle, such as

Plaintiff's case with multiple bumper stickers and flags being affixed to his F-250 pickup truck. As a result, the Town's Sign Code as written and as applied allows for the exercise of unbridled discretion.

50. As applied, the Town's ban on vehicle signs unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a. allows for the exercise of unbridled discretion; and,

b. lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c. bars the free speech of Plaintiff and possibly other citizens in a traditional public forum.

51. The Town's Code as applied is content-based and impedes Plaintiff's right to freedom of speech because it was written specifically for enforcement against Plaintiff to restrict Plaintiff's right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

52. The Town's Code as applied is content-based and impedes Plaintiff's right to freedom of speech because it denies Plaintiff's right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

53. The Town's enforcement, actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the Town's interests, thereby allowing the Town's agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in freedom of speech activities otherwise protected by the First Amendment.

54. As applied, the Town's Code prohibits Plaintiff's manner of freedom of speech.

55. Plaintiff has suffered damages was deprived of his right under the First Amendment to engage in freedom of speech activities prohibited by the Town's Code as applied.

WHEREFORE Plaintiff demands judgment against Defendant for nominal damages vindicating Plaintiff's rights, declaratory relief that Defendant's actions constitute a violation of Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from violating his rights under the First and Fourteenth Amendments to the U.S. Constitution, and attorneys' fees and costs pursuant to 42 U.S.C. 1988 and all other relief that is just and proper.

**COUNT III FIRST AMENDMENT RETALIATION**

56. Plaintiff re-alleges paragraphs 1-35 as set forth above.

57. Plaintiff engaged in constitutionally protected speech when he (i) displayed signs expressing his social and political views on his F-250 pickup truck while parked in his driveway and; (ii) displayed a sign expressing his social, political and religious views on his F-Series Truck parked in his driveway.

58. In response to Plaintiff's First Amendment activity, the Town cited Plaintiff's F-Series Truck as an unlawfully parked commercial vehicle, revised the definition of vehicle sign in the Sign Code so that Plaintiff's F-250 pickup truck could be cited, and further instructed its building official to review Plaintiff's property for code violations relating to the height of his rear yard walls and vegetation.

59. The Town engaged in a course of conduct at the direction of its policy makers including, but not limited to, the Mayor, town attorney, and town clerk, designed to harass, intimidate, and punish Plaintiff for exercising his First Amendment rights by revising the Town's sign code to target Plaintiff and then instructing its building official to review Plaintiff's property for code violations.

60. The Town further engaged in a course of conduct at the direction of its policy makers designed to harass, intimidate, and punish Plaintiff for exercising his First Amendment rights by then citing Plaintiff for the display of a prohibited vehicle sign as well as citing Plaintiff for a violation of Town Code 6-284 regarding the height of hedges in his rear yard.

61. As a direct and proximate result of the Town's actions, Plaintiff have been damaged and continue to suffer damages.

WHEREFORE Plaintiff demands judgment against Defendant for nominal damages to vindicate Plaintiff's rights, declaratory relief that Defendant's actions constitute a violation of Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution, injunctive relief prohibiting Defendant from violating his rights under the First and Fourteenth Amendments to the U.S. Constitution, and attorneys' fees and costs pursuant to 42 U.S.C. 1988 and all other relief that is just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 15, 2022.

/s/ Joseph P. Kenny
Joseph P. Kenny, Esquire
FBN: 59996
Kyle D. Bass, Esquire
FBN: 122158
WEBER, CRABB & WEIN, P.A.
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Primary Emails:
joseph.kenny@webercrabb.com
kyle.bass@webercrabb.com
Secondary Emails:
carol.sweeney@webercrabb.com
suzie.whitaker@webercrabb.com
ATTORNEYS FOR PLAINTIFF