UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VITALIY KRAVCHENKO,**

        **Plaintiff,**

v.                                                       **Case No: 8:22-cv-02617-MSS-SPF**

**TOWN OF REDINGTON BEACH,
FLORIDA,**

        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Partial Summary Judgment, (Dkt. 32), the related response and reply thereto, (Dkts. 34, 36), Defendant's Dispositive Motion for Summary Judgment, (Dkt. 33), and related response and reply thereto. (Dkts. 37, 38) On August 8, 2025, United States Magistrate Judge Sean P. Flynn issued a Report and Recommendation, which recommended that Plaintiff's Motion be denied and that Defendant's Motion be granted in part and denied in part. (Dkt. 44) Specifically, with respect to Defendant's Motion, the Magistrate Judge recommended that the Court GRANT summary judgment in favor of Defendant as to Count II and DENY summary judgment as to Count III of Plaintiff's Complaint for Declaratory and Injunctive Relief and Demand for Jury Trial (the "Complaint;" Dkt. 1). (Id. at 2) Plaintiff and Defendant each filed

a timely objection to the Report and Recommendation. (Dkts. 45 and 46) Plaintiff filed a timely response to Defendant's objection. (Dkt. 51)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

I.     **Plaintiff's Objection**

Plaintiff objects to the Magistrate Judge's recommendations that Plaintiff's Motion for Partial Summary Judgment (Doc. 32) be denied and Defendant's Dispositive Motion for Summary Judgment (Dkt. 33) be granted as to Count II. Plaintiff asserts he should prevail on his as-applied challenge to the Vehicle Signs

2

Prohibition as it existed when he was cited in September 2022 (the "Old Vehicle Signs Prohibition"). (Dkts. 46 at 1; 44 at 21) Plaintiff contends Defendant's conduct should be subjected to strict scrutiny rather than intermediate scrutiny because of the content based attributes of the Old Vehicle Signs Prohibition. (Dkts. 32 at 21-25, 46 at 3-11). Plaintiff asserts that the Old Vehicle Signs Prohibition fails to survive either standard. (Dkts. 32 at 21-25; 46 at 14-17)

The Court adopts Judge Flynn's analyses and conclusions as to these issues. First, Judge Flynn correctly determined that intermediate scrutiny applies to Plaintiff's as-applied challenge. "It is axiomatic that something cannot be a 'Vehicle sign' without also being a 'Sign.'" (Dkts. 44 at 26; 46 at 12) Plaintiff contends that the Old Vehicle Signs Prohibition privileges certain subject matters of speech over others as a result of its incorporation of the exemptions to the definition of "Sign." (Dkt. 46 at 5-7) Consequently, he argues, the Old Vehicle Signs Prohibition is a content based speech regulation and must survive strict scrutiny on Plaintiff's challenge. (Dkt. 46 at 7-11) Plaintiff's argument fails because none of the exemptions, nor any other aspect of the Old Vehicle Signs Prohibition, accords any subject matter of speech differential treatment under the Old Vehicle Signs Prohibition. As Judge Flynn put it, "The situation presented here is more like *City of Austin* and less like *Reed*." (Dkt. 44 at 27-29 (discussing recent Supreme Court precedent)) The Old Vehicle Signs Prohibition is a content neutral regulation and Plaintiff has not made a showing "that an impermissible purpose or justification underpins" it. City of Austin, Texas v. Reagan

Nat'l Advert. of Austin, LLC, 596 U.S. 61, at 142 (2022). Judge Flynn correctly applied intermediate scrutiny to Plaintiff's as-applied challenge. See id.

Second, the Court finds unconvincing Plaintiff's challenge to Judge Flynn's conclusion that the Old Vehicle Signs Prohibition is narrowly tailored to eliminate the visual blight of large vehicle signs. The Court adopts Judge Flynn's well-reasoned conclusion that the sign code is narrowly tailored to eliminate the visual blight of large vehicle signs. (Dkt. 44 at 30-33) Defendant's interest would be achieved less effectively absent the challenged regulation and the regulation does not burden substantially more speech than is necessary to further that interest. See TikTok Inc. v. Garland, 604 U.S. 56 at 76–77 (2025) (observing that a speech-restrictive regulation survives intermediate scrutiny so long as it "promotes a substantial government interest that would be achieved less effectively absent the regulation" and "does not burden substantially more speech than is necessary to further that interest.") (quoting Ward v. Rock Against Racism, 491 U.S. 781, 798–99 (1989)) (quotation marks omitted); Members of City Council of City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 810 (1984) (holding that a content neutral ordinance "curtails no more speech than is necessary to accomplish its purpose" because the evil it addresses through limitations on speech—visual blight—is "created by the medium of expression itself."). Because the Old Vehicle Signs Prohibition survives intermediate scrutiny, the applicable standard of review, the Court need not consider Plaintiff's contention it does not survive strict scrutiny.

Plaintiff's objection to the Report and Recommendation is **OVERRULED**. Plaintiff's Motion for Partial Summary Judgment (Doc. 32) is due to be denied and Defendant's Dispositive Motion for Summary Judgment (Dkt. 33) is due to be granted as to Count II.

## II.   Defendant's Objection

Defendant objects to the Magistrate Judge's recommendation that Defendant's Dispositive Motion for Summary Judgment (Dkt. 33) be denied as to Count III. To state a First Amendment retaliation claim, a plaintiff must show: "(1) his speech or conduct was constitutionally protected; (2) the retaliatory conduct of the defendant adversely affected the protected speech, in that the retaliation 'would likely deter a person of ordinary firmness' from engaging in the protected speech; and (3) there is a causal connection between the retaliatory conduct and the protected speech." Sweet Sage Cafe, LLC v. Town of N. Redington Beach, Fla., 380 F. Supp. 3d 1209, 1219 (M.D. Fla. 2019) (quoting Indigo Room, Inc. v. City of Fort Myers, 589 F. App'x 938, 947 (11th Cir. 2014)).

Defendant does not prove that a jury could not conclude from evidence in the record that Defendant retaliated against Plaintiff in response to his expression of protected speech by subjecting him to harassing code enforcement actions.

Defendant contends that the VoiceBan wrap "does not convey any ascertainable political, social or business message" and "[a]dvertising a website that says it is for free speech expresses no view at all." (Dkt. 33 at 20-21). This argument is unpersuasive. Judge Flynn properly found that Plaintiff engaged in constitutionally

5

protected speech by displaying the VoiceBan wrap. See Dimmitt v. City of Clearwater, 985 F.2d 1565, 1573 n.2 (11th Cir. 1993) (finding that conduct qualifies as constitutionally protected speech if (1) "'[a]n intent to convey a particularized message was present' and (2) whether 'in the surrounding circumstances the likelihood was great' that the message would be understood by those who viewed it.") (citing Spence v. State of Washington, 418 U.S. 405, 410–11 (1974)); (see also Dkt. 44 at 35-36 (Judge Flynn's analysis concerning the first element)). The messages on Plaintiff's pickup truck could be understood in context as expressing support for freedom of speech.[1] (Dkt. 33-5 at 141) Defendant fails to show that the record lacks evidence on which a jury could conclude that the Plaintiff engaged in protected speech.

Further, Defendant does not establish there is no genuine dispute that Defendant's conduct would not be likely to deter a person of ordinary firmness from engaging in protected speech. As the Magistrate Judge soundly explained, (Dkt. 44 at 36-37), even smaller fines than those Plaintiff faced, (Dkt. 32-3 at 89, 91, 97, 99), could deter a person of ordinary firmness. See Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003) (holding that $35 worth of parking tickets was sufficient to overcome summary judgment because Defendant "engaged the punitive machinery of government in order to punish [Plaintiff] for her speaking out."). Plaintiff has not proven that there is no genuine dispute of fact as to whether a person of ordinary

---

[1] The VoiceBan wrap affixed to multiple sides of Plaintiff's pickup truck contains the words "Voice Ban" in stylized lettering with the website address of voiceban.com, U.S. Flags, as well as the phrase, "Thee Social Media Platform for Freedom of Speech," *inter alia*. (Dkts. 33-5 at 141, 32-3 at 101, 104-05)

6

firmness would likely be deterred from engaging in protected speech if subjected to conduct a jury could conclude Defendant subjected Plaintiff to. Defendant fails to meet its initial burden on the second element of Plaintiff's First Amendment retaliation claim.

The third element, "[t]he causal-connection inquiry[,] asks whether the defendants were subjectively motivated to retaliate because the plaintiffs engaged in protected speech." Indigo Room, 589 F. App'x at 947 (citation omitted).[2] It requires that the defendant have had "actual knowledge" of the protected speech. Id. (citation omitted). Actual knowledge in this context can be shown by circumstantial evidence, but "[c]ircumstantial evidence of temporal proximity alone is insufficient when there is unrefuted testimony from the defendant that he knew nothing of the protected conduct." Id. (citation omitted). Circumstantial evidence includes: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory act, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lozman v. City of Riviera Beach, 39 F. Supp. 3d 1392, 1405 (S.D. Fla. 2014).

Defendant has failed to meet its burden to show that Plaintiff failed to introduce evidence by which a jury could infer that Defendant had retaliatory motivation and knowledge of Plaintiff's speech when Defendant subjected Plaintiff to code inspections, some of which resulted in the issuance of citations against Plaintiff.

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

To identify the relevant policymakers, "the court should examine not only the relevant positive law, including ordinances, rules and regulations, but also the relevant customs and practices having the force of law." Sweet Sage Cafe, 380 F. Supp. 3d at 1219 (quoting Rosario v. Miami-Dade Cnty., 490 F.Supp.2d 1213, 1221-22 (S.D. Fla. 2007)). The record suggests that Mayor Will exercised a great deal of control—even unofficially—within Defendant's affairs surrounding its adoption of sign code amendments and efforts to enforce its code against Plaintiff. Cf. Muszik v. Town of Redington Shores, No. 8:22-CV-2387-CEH-SPF, 2024 WL 2273187, at *11 (M.D. Fla. May 20, 2024) (holding that a jury could conclude that that a mayor "possessed and exercised a great deal of *unofficial* control over town affairs[]" sufficient to sustain a theory that the mayor "exercised influence over some of the [alleged] retaliatory acts . . . even if they did not fall within her statutory purview.") (italics in original).

Based on evidence indicating that Mayor Will caused Defendant to adopt the sign code amendments such that it would regulate Plaintiff's speech shortly after Mayor Will learned the sign code did not (as then drafted) regulate Plaintiff's speech, as well as evidence of Mayor Will's communications about Plaintiff's speech with the deputy assigned to enforce Defendant's codes in connection with code enforcement activities directed at Plaintiff, a jury could infer Mayor Will caused Defendant to initiate harassing enforcement actions against Plaintiff. See id., at *14 ("Circumstantial evidence, such as temporal proximity, may be used to demonstrate a defendant's retaliatory motive") (citing Indigo Room, 589 F. App'x at 947). Whether Defendant acted instead upon a non-retaliatory motivation presents a question of fact for a jury.

Defendant next seemingly contends in its Objection that even if motive as to Mayor Will is disputed, his conduct alone cannot present an issue of fact as to the third element. (Dkt. 45 at 6-8) Defendant contends that Plaintiff's claim fails because the record does not contain evidence that a majority of Defendant's Board of Commissioners had requisite knowledge and motivation when its members voted to adopt amendments to the sign code. See id. Defendant's Dispositive Motion for Summary Judgment Motion did not sufficiently put this contention before the Magistrate Judge. Its only reference to this contention was in one sentence trailing at the end of the Dispositive Motion for Summary Judgment (Dkt. 33 at 25) bereft of any legal authority. Rather, Defendant in its Objection first marshalled case law and substantive discussion in support of this contention. The Court declines to sustain objections to the Magistrate Judge's rulings on the basis of a contention not sufficiently raised in the Dispositive Motion for Summary Judgment and put before the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Defendant's objection to the Report and Recommendation is **OVERRULED** on its contention that factual questions do not remain for the jury on Count III. Defendant's Dispositive Motion for Summary Judgment (Dkt. 33) is due to be **DENIED** as to Count III.

### III. Conclusion

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court concludes that the Report and Recommendation should be accepted in conformity with the instructions set forth herein.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 44), is **ADOPTED IN EVERY RESPECT**.

2. Plaintiff's Motion for Partial Summary Judgment, (Dkt. 32), is **DENIED**.

3. Defendant's Dispositive Motion for Summary Judgment, (Dkt. 33), is **GRANTED** as to Count II and **DENIED** as to Count III.

4. The Parties are **ORDERED** to confer and, within **fourteen (14) days** of the date of this Order, jointly advise the Court as to how this case should proceed.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of September 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person